**Lian Zhong ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75835.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Lian Zhong Zhang, Palmdale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, Esq., Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Lian Zhong Zhang, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withholding of removal, and relief under the Convention Against Torture ("CAT").

We dismiss Zhang's CAT claim for lack of jurisdiction, because Zhang did not exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction under 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence, *see Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir. 2004). We grant the petition for review and remand.

Substantial evidence does not support the BIA's and IJ's adverse credibility determination because it relied upon the omission of minor details, and upon minor inconsistencies in Zhang's testimony which he explained and which do not go to the heart of his claim. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996); *see also Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003) (rejecting inconsistencies that were not material to the heart of petitioner's claim); *Bandari v. INS,* 227 F.3d 1160, 1167 (concluding that there was no actual inconsistency between allegedly discrepant statements).

We grant the petition for review and remand to the BIA for further proceedings regarding Zhang's eligibility for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; and GRANTED and REMANDED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.